IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| SEA GAYLE MUSIC, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:08-cv-1063-JDB-egb |
| RONALD JOHNSON, II, | ) ) ) | |
| Defendant. | ) ) ) | |

**REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION
FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiffs have moved for a default judgment against Defendant Ronald Johnson, II, pursuant to Rule 55 of the Federal Rules of Civil Procedure.  A Complaint against Defendant was filed on March 25, 2008.  Defendant was served with process on June 12, 2008.  Default was entered against Defendant on August 5, 2008.  As of this date, Defendant has not filed an Answer or otherwise responded to the complaint.  Plaintiffs seek statutory damages for copyright infringement provided by the Copyright Act.  17 U.S.C. §504.  Plaintiffs also seek costs pursuant to Section 505 of the Copyright Act.

If a defendant fails to plead or defend as required by the Rules, the clerk or judge may enter default upon a plaintiff's request. Rule 55(a); Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 194 (6th Cir. 1986) (When a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.) Then, if no hearing is needed to ascertain damages, judgment by

default may be entered. Rule 55(b). United Coin Meter Co., Inc. v. Seaboard Coastline

RR., 705 F.2d 839, 844 (6th Cir. 1983) (citing Meehan v. Snow, 652 F.2d 274 (2nd Cir.

1981).

When a court determines that a defendant is in default, the factual allegations of

the complaint, except those relating to the amount of damages, will be taken as true.

Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P.

8(d); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688.  Therefore,

after receiving a default, plaintiff must still establish the extent of damages to which he is

entitled.  Kelley v. Carr, 567 F. Supp. 831, 841 (W.D. Mich.1983). However, if the

damages sought by the plaintiff are a sum certain or a sum that can be made certain by

computation, judgment will generally be entered for that amount without an evidentiary

hearing. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688.

Here, the Magistrate Judge recommends that the Plaintiffs' Motion for Default

Judgment be GRANTED.

As to the issue of damages, Plaintiffs in this case seek $17,500 in damages under

the Copyright Act, which is $2,500, or more than three times the statutory minimum, for

each of the seven infringements involved in the action. The Plaintiffs have not established

to the satisfaction of the Magistrate Judge the rationale of the amount of their damages,

particularly given the extended time period of Plaintiff's investigation of the facts

underlying their lawsuit.  After becoming aware of Defendant's activities as early as

October, 2001, Plaintiffs sent five letters and had two visits to Defendant, the last being

by investigators gathering specific evidence on November 16 and 17, 2007.  Plaintiffs

now ask the Court to consider this period of about six years in determining damages and

the issue of Defendant being a "knowing and willing infringer." *See* Affidavit of Douglas Jones, page 7 [D.E. 12-2].  While this may well be true of Defendant, it seems to the Magistrate Judge there would be corresponding duties of Plaintiffs not to sit on their rights during this entire time and, further, a duty to mitigate their damages.  As such, the Court recommends that the statutory minimum amount of damages be awarded to the Plaintiffs, in the amount of Seven Hundred and Fifty Dollars ($750.00) in each cause of action, for a total of Five Thousand, Two Hundred and Fifty Dollars ($5,250.00).  Additionally, the Magistrate Judge recommends that Plaintiffs' attorney's fees of Nine Hundred, Fifty-four Dollars and Fifty cents ($954.50) be awarded along with court costs.

Plaintiffs have also moved for a permanent injunction, pursuant to §§ 502 and 503 of the Copyright Act.  For good cause shown, the Magistrate Judge recommends that the Defendant be ENJOINED from directly or indirectly publicly performing, or causing to be performed, or aiding and abetting the public performance of, any and all sound recordings, whether now in existence or later created, that are owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs), including all music in the ASCAP repertory, except pursuant to a lawful license or with the express authority of Plaintiffs.

Furthermore, it is ORDERED that the Clerk shall serve this Report and Recommendation upon the Defendant, Ronald Johnson, II, at the address listed on his Summons [D.E. 4].

Respectfully submitted,

                                          **s/Edward G. Bryant**
                                          EDWARD G. BRYANT
                                          UNITED STATES MAGISTRATE JUDGE

Date:   **April 14, 2010**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**